## In re SIMS, Bankrupt.

(*District Court, N. D. Ohio, E. D.*	November 26, 1881.)

1. BANKRUPTCY—DISCHARGE—APPLICATION TO ANNUL—AMENDMENT.

    An application for leave to contest the validity of a discharge in bankruptcy cannot be amended, after the expiration of two years from the date of the discharge, by adding another of the acts mentioned in section 5110 of the Revised Statutes to those already specified in the application.

*J. E. Ingersoll*, for Henry Nottingham.

*W. F. Carr*, for bankrupt.

WELKER, D. J.	On the eighteenth day of December, 1878, the petitioner was granted a final discharge in bankruptcy in this court. On the thirteenth day of December, 1880, Henry Nottingham, a creditor of said petitioner, and having a provable debt, and one that had been regularly proven, filed an application in writing, desiring to contest the validity of the discharge on the ground that it was fraudulently obtained, and asking this court to annul the same. The application specified several of the acts mentioned in section 5110 as grounds for refusal of discharge, and which he intended to prove against him, setting forth the grounds of each particularly and specifically. The bankrupt denied each of the grounds. Before the final hearing of the application to set aside the discharge, on the third day of August, 1881, more than two years after the discharge was thus granted, Nottingham makes an application to amend his original application for annulling the discharge, by adding thereto another of the grounds for refusing a discharge contained in section 5110, to-wit, the eighth: That he had procured the assent of certain of his creditors, and influenced their action in consenting to his discharge by a pecuniary consideration, and specifically setting out the particulars thereof.

The application for leave to amend is objected to by the bankrupt, and the question is made, shall the amendment be allowed? Section 5120 provides:

"Any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same. The application shall be in writing, and shall specify which in particular of the several acts mentioned in section 5110, it is intended to prove against the bankrupt, and set forth the ground of avoidance; and no evidence shall be admitted as to any other of such acts, but the application shall be subject to amendment, at the discretion of the court."

It will be observed that the application to annul must be made within two years from the discharge, and shall be in writing, and shall specify which in particular of the several acts mentioned in the section is intended to be proved against the bankrupt, and shall set forth the grounds of such avoidance. The application must contain these requisites, and the evidence must be confined to the grounds set out therein.

What are we to understand by the term "subject to amendment," used in the section? Does it mean that other and different causes specified in section 5110 may be added, as they may be discovered from time to time, after the lapse of two years, and while the matter is still pending? An amendment is the correction of errors committed in the progress of a cause. It may be in the statement of the cause of action, in its form, and it is allowed to make more definite and certain a defectively-pleaded cause of action. It is not allowed to make an entirely new case. A new case is not to be regarded as an amendment. This amendment, it seems to me, was only intended to be allowed to make some of the causes named in the section, and such as may have been defectively set out in the application, more definite and certain, and not new grounds named in the statute. The limitation was fixed that after that time the bankrupt could not be compelled to again contest his discharge, otherwise it could be done at the pleasure of the creditor. There are 10 grounds for opposition to discharge named in section 5110. If the construction be as claimed by the applicant, to annul the discharge, he could within two years allege one ground, and, by way of amendment, from time to time afterwards, add one at a time until all were named, if the court, in the exercise of its discretion, would allow it, and thus practically deny to the bankrupt the benefit of the limitation. It was evidently intended that the creditor should, in his application to be made within two years, set out all his grounds for annulling the discharge, and to confine the hearing to them; but, if defectively set out, the court may allow amendment to make them more certain. To allow the amendment would be to entirely annul the limitation of the statute, and thereby attempt judicially to repeal it.

The motion is therefore refused.