### ALEXANDER H. MALL & Co. v. ULLRICH.

*District Court, N. D. Ohio, W. D.*   December Term, 1888.)

BANKRUPTCY—DISCHARGE—FRAUD—LIMITATION OF ACTION.
   The period of two years, within which a petition to vacate the discharge of a bankrupt for fraud must be filed under Rev. St. U. S. § 5120, begins to run from the date of the discharge, and not from the discovery of the fraud.

In Bankruptcy.
   The petition was filed by the petitioner, who was a creditor of and had a provable claim against the defendant, a bankrupt, to set aside a discharge granted to him in February, 1879, on the ground that the bankrupt had been guilty of fraud in his application for the benefit of the bankrupt law.   The petition was filed in this case on the 27th of August, A. D. 1888.   The defendant filed a demurrer on the ground that the petition to set aside the discharge was not filed within two years from the discharge.   It was claimed that the limitation began to run only at the time the frauds were discovered.
   *J. A. Chase,* for petitioner.
   *A. Farquharson,* for defendant.

WELKER, J.   Section 5120 of the Revised Statutes (bankrupt law) provided an absolute bar, where the petition was not filed within two years from the date of the discharge.   The limitation is not in any way controlled by the discovery of the fraud; and the limitation provided by law in actions by or against assignees in bankruptcy founded upon frauds, and providing that the limitation begins to run from the discovering of the fraud does not apply in this class of proceedings.   The demurrer is therefore sustained, and petition dismissed, with costs.