### In re SHAFFER.

(District Court, E. D. North Carolina. November 15, 1900.)

BANKRUPTCY—SUPPLEMENTARY PROCEEDINGS — JURISDICTION AND RIGHTS OF CREDITORS.

Under Bankr. Act, § 2, subd. 8, a court of bankruptcy has jurisdiction to entertain a supplemental petition filed by a voluntary bankrupt after the estate has been closed and the bankrupt discharged, setting out additional schedules of property, with the reasons for their former omission, and the court may reopen the proceedings for the purpose of administering the new assets for the benefit of creditors who proved their claims in accordance with the statute in the original proceedings. But such supplementary proceedings cannot affect the discharge of the bankrupt, where more than a year has elapsed since it was granted, nor has a creditor who failed to prove his claim in the original proceedings any standing in such supplementary proceedings, or the right to examine the bankrupt therein.

In Bankruptcy. On certified proceedings asking for rule for contempt.

A. W. Shaffer, for bankrupt.
H. W. Norris, for creditors.

PURNELL, District Judge. On August 2, 1898, A. Webster Shaffer filed a petition asking to be adjudged a bankrupt; the cause being No. 1 on the bankruptcy docket of the court. He was duly adjudged a bankrupt, the cause referred, and on October 6, 1898, was granted a discharge. The proceeding seems to have been regular in all respects, and there is no suggestion of the contrary. On the 7th day of June, 1900, a petition was filed by the bankrupt setting forth: (1) That among the assets which should have been, but were not, scheduled and surrendered to the trustee in bankruptcy are judgments of the superior court in favor of petitioner against certain persons named in a schedule filed. (2) The reversionary interests in the homestead of certain bankrupts sold in proceedings under the act of 1867, and purchased by petitioner at assignees' sales, which interests are set forth in a schedule filed. The petition states the reason why the judgments were not scheduled was because "the judgment debtors were insolvent, and the judgments barred by the statute of limitations." (3) That the reason the reversionary interests were not scheduled was because they had never come into the possession of petitioner, and he had regarded them as worthless, which he is now advised is erroneous. The prayer of the petition is that the bankrupt be allowed to schedule the property named, and the deficiency of his personal property exemption of $129.50 be allowed of the judgments. The petition and schedules were referred, and the referee made due advertisement.

On the day appointed for the hearing before the referee, R. L. Herndon, W. J. Beddingfield, and Fred. Saunders appeared with their attorney, and proceeded to examine the bankrupt as to his financial condition and other matters at the time the bankrupt signed the official bond of Charles D. Upchurch, clerk of the superior court of Wake county, N. C., on which bond the said creditors had obtained judgments at the spring term, 1892, against the bankrupt as surety, each for $15,000, the penalty of the bond, to be discharged on the payment of the several amounts due each. There appears to be a balance due on all of these judgments. These debts were included in the original Schedule A(3). They were not proved in that proceeding, and no action seems to have been taken by the creditors named until the hearing on the supplemental petition and schedules, July and August, 1900. These debts were provable in bankruptcy. At an adjourned hearing before the referee on October 13, 1900, these creditors, through their attorney, propounded questions relating to the financial condition of the bankrupt at the time he signed the bond on which their judgments were obtained and matters anterior to the discharge in bankruptcy. These questions the bankrupt declined to answer, stating as reasons for such refusal: "(1) That the manifest purpose is to revive and reopen the late bankruptcy proceedings of the witness, the estate of

which has been settled, and the trustee and bankrupt discharged, more than two years ago. (2) As irrelevant to the matter on hearing before the court, to wit, the property described in the amended Schedule B, voluntarily filed upon the discovery by the witness; therefore incompetent and improper. (3) That the interrogators each failed to duly prove his alleged debt in the bankruptcy proceedings." The referee ordered the witness to answer, which order the witness declined to obey. A rule was asked for by the attorney for creditors, and the question certified to the judge.

A discharge releases all judgments provable in bankruptcy, except such as are judgments in actions for fraud, or obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another; subject to these exceptions: Judgments entered prior to the filing of the petition, where granted on actions founded on tort or on contract, are discharged. The statute prescribes the form and time within which, and the grounds upon which, direct proceedings to revoke a discharge may be had. The remedy thus given is exclusive. The application must be made to the court which granted the discharge, and the order of discharge cannot be questioned or attacked collaterally in any court, either state or federal. Bank v. Buckner, 20 How. 108, 15 L. Ed. 862. The application must be filed within one year after the discharge has been granted, and by one who has not been guilty of undue laches. Section 15, Bankr. Act 1898. Where the petition is not filed within one year, it is absolutely barred by the statute. Alexander H. Mall & Co. v. Ullrich (D. C.) 37 Fed. 653; Loveland, Bankr. 640. A discharge may be revoked within one year, etc. Bankr. Act, § 15; Id. § 2, cl. 12.

What is the effect of the petition and supplemental schedules? Does it reopen the proceedings? If so, can it vacate or in any way affect the discharge? General order 11 (32 C. C. A. xiv., 89 Fed. vii.) provides: "The court may allow amendments to the petition and schedules on application of petitioner. Amendments shall be printed or written, signed and verified, like original petitions and schedules. If amendments are made to separate schedules, the same must be made separately, with proper references. In the application for leave to amend, the petitioner shall state the cause of the error in the paper originally filed;" and under this the court may reopen the estate, etc. The bankrupt cannot surrender or vacate his discharge. He can revive a debt by a new promise, or waive his discharge by failing to plead it when sued, but he cannot vacate the order of discharge. No one can do that except the court, in the way prescribed in the statute. The order discharging Shaffer therefore stands. No act of his can affect it. More than a year having elapsed, no creditor can attack it. As far as the bankrupt is concerned, therefore, these creditors are barred.

How do they stand in relation to the estate? Does the discharge of the bankrupt and trustee terminate the jurisdiction of the court over the estate? It does not necessarily. Section 2, subd. 8, provides the estate may be reopened, and by the filing of supplemental petition and schedules the bankrupt has done this for the benefit

of all creditors who proved their claims in the original proceedings. If there is benefit in the discovered assets, it must redound to the creditors who proved their claims according to the statute, and no others. Creditors who failed to so prove their claims are barred by the provisions of section 57n, and the claims of the creditors now seeking to make the examination appear to come within this section, and are not excepted. The language of the statute is more than a limitation; it is a prohibition,—"shall not be proved against a bankrupt estate subsequent to one year after the adjudication." Bray v. Cobb, 3 Am. Bankr. Rep. 788, 100 Fed. 270; Loveland, Bankr. 247–251. The proof of the claims of the parties named was therefore unauthorized, and they have no standing in this court; hence no right to examine the bankrupt on any subject in these proceedings. If it is contended the discharge does not affect their claims for any reason, their remedy must be elsewhere, and not in the way here sought. The referee is therefore reversed, and the rule refused. The bankrupt, being an attorney, has the right to raise any question of law which could have been raised had he been represented by another. General order 4 (32 C. C. A. viii., 89 Fed. iv.) gives him the right to represent himself, and, the objection to the examination being bona fide and well founded, there was no contempt in declining to answer.