## MASON v. DEAN.

Circuit Court of Appeals, Ninth Circuit.
April 1, 1929.

Rehearing Denied May 6, 1929.

No. 5643.

Ernest J. Torregano and Charles M. Stark, both of San Francisco, Cal., and H. L. Meyers, of Fresno, Cal. (August B. Rothschild, of San Francisco, Cal., of counsel), for appellant.

Wm. J. Hayes and Grant H. Wren, both of San Francisco, Cal., and Charles H. Patterson, of Oakland, Cal., for appellee.

Before RUDKIN and DIETRICH, Circuit Judges, and BEAN, District Judge.

BEAN, District Judge. This is an appeal to revise an order of the court below denying a petition to vacate an adjudication in bankruptcy.

On March 21, 1928, Daniel Ko, doing business as Daniel Ko & Co., was on his own petition adjudged a bankrupt. In his petition he alleged that he was, and had been for the greater portion of the six months preceding the filing thereof, a resident of Oakland in the district. A trustee was appointed, and the administration of the estate proceeded in due course until September 24, 1928, when a creditor with a provable claim of $98.80, without giving any excuse for the delay, filed a petition to vacate the adjudication on the ground that the bankrupt was not a resident of Oakland but of Coalinga in the Southern district. In answer to a show cause order, the bankrupt and the trustee denied that the bankrupt's residence was in Coalinga, but alleged that he resided in Oakland, where his wife and children were domiciled. The issues thus presented were heard by the court on affidavits and oral testimony, and the prayer of the petition denied. The reasons which moved the court to make the order denying the petition do not clearly appear. There is a statement that during the hearing the court said that it was satisfied the bankrupt did not have a domicile or residence within the district, but it nevertheless dismissed the petition.

Only questions of law can be considered on this appeal (Matter of Hoyne [C. C. A.] 277 F. 668; Matter of Ann Arbor Machine Corp. [C. C. A.] 274 F. 24), and we are of the opinion that the appeal for revision should be dismissed on the ground that the petitioner's right to object to the adjudication was lost by his laches. As already stated, the adjudication was made March 21, 1928, and the petition to vacate was not filed until September 24th following. There is no reason given for the delay in filing the petition. The objection to the jurisdiction does not appear on the face of the record, but depends upon facts which must be proved. An interested party cannot stand by and allow the administration of the estate to proceed until he considers that it will be to his advantage to avoid the adjudication. He must move against it promptly, if at all, and this the petitioner failed to do. Rudebeck v. Sanderson (C. C. A.) 227 F. 575; 1 Remington on Bankruptcy, § 436.

Affirmed.