**In re EARLY.**

No. 19765.

District Court, E. D. Pennsylvania.

Aug. 27, 1940.

Illoway & Fischer, by Harry Fischer, all of Philadelphia, Pa., for bankrupt.

Levi, Mandel & Miller, by Leroy Comanor, all of Philadelphia, Pa., for creditor.

GANEY, District Judge.

This matter comes before the Court on a petition to modify a decree of discharge in bankruptcy.

The petitioner, Vernon L. Parker, alleges that he is the holder of a certain negotiable promissory note in the principal sum of Three Hundred Ninety-Seven Dollars ($397) dated July 27, 1931, payable thirty days after date to the order of V. L. Parker at the Merchants and Farmers Bank of Portsmouth, Virginia, made and signed by John P. Early; that John P. Early filed a voluntary petition in bankruptcy in the District Court for the Eastern District of Virginia at Norfolk on the 16th day of July, 1932; that the debt was then due and provable but was not scheduled, and that the bankrupt, John P. Early, failed to obtain a discharge; that a new petition was filed in the Eastern District of Pennsylvania on April 1, 1937, by the said John P. Early, at which time the debt hereinbefore referred to was scheduled and in due course a discharge was granted to the bankrupt of all debts on April 11, 1939; that the petitioner, when advised of the new proceeding in Pennsylvania, wrote, through his attorney, a letter to the Referee advising him that the bankrupt had previously filed a petition in the Eastern District of Virginia on the 16th day of July, 1932, at which time V. L. Parker's note was due and provable and that no discharge thereon had been obtained, and that the same was not dischargeable before him in that proceeding.

The question involved here is whether the prayer of a petition for the modification of a decree in bankruptcy with reference to a certain debt will be allowed, which is filed fourteen months after a discharge in bankruptcy in the Eastern District of Pennsylvania which was the second bankruptcy proceeding involving the same debt, the first proceeding having been filed in the Eastern District of Virginia, wherein the debt was provable but not scheduled, and which fact was brought home to the Referee by counsel for creditor in the second proceeding.

The Chandler Act is not applicable here, since both adjudications of bankruptcy were filed prior to the Act. Accordingly, Section 14, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. a, is applicable here and provides for the application for a discharge within twelve months of adjudication as a bankrupt, and when it is made to appear to the Court that the bankrupt was unavoidably prevented from filing his petition within that time six months additional time may be granted but no more.

The settled rule is that the denial of discharge in a bankruptcy proceeding or the failure of the bankrupt to apply for a discharge within the time limited by law bars the bankrupt from obtaining in a later proceeding a discharge from the debts provable in the prior proceeding. In re Fiegenbaum, 2 Cir., 121 F. 69, 9 A.B.R. 595; Kuntz v. Young, 8 Cir., 131 F. 719, 12 A.B.R. 505; In re Bacon, 5 Cir., 193 F. 34, 27 A.B.R. 736; In the Matter of Schwartz, D.C., 248 F. 841, 41 A.B.R. 246.

In this Circuit it is well settled that when a bankrupt makes no application for discharge within the time specified by law such failure constitutes a bar to a discharge from the debts provable in that proceeding and hence he cannot obtain a discharge from such debts by beginning a new proceeding and scheduling the same debts. Loughran v. Hazleton Mercantile Co., 3 Cir., 218 F. 619, 33 A.B.R. 350. Accordingly, he may be granted a qualified discharge, a discharge from the debts incurred since the former proceeding but not from the debts provable in the former proceeding. Pollet v. Cosel, 1 Cir., 179 F. 488, 24 A.B.R. 678, 30 L.R.A.,N.S., 1164; In the matter of Cooper, D.C., 236 F. 298, 37 A.B.R. 625. Also the Supreme Court has held in Bluthenthal v. Jones, 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390, 19 A.B.R. 288, that a creditor who relied on a denial of a discharge or on the failure of the Bankrupt to secure one, in an earlier proceeding, in one jurisdiction, is under a duty to plead it or call it to the attention of the Court in the later proceeding in another jurisdiction. It is felt that the writing of the letter by counsel for the petitioner to the Referee brings the instant case within the rule in the Bluthenthal case since there was a diversity of jurisdiction in the two proceedings.

Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, provides that upon the application of a party in interest who has not been guilty of undue laches a discharge may be revoked at any time within one year, if it appears that the discharge was obtained through fraud and that knowledge of such fraud came to the petitioner after the granting of the discharge. Here the petition asking modification of the discharge was filed on June 4, 1940, almost

fourteen months after the decree of discharge was granted in the Eastern District of Pennsylvania on April 11, 1939. Further the petition alleges no fraud and is barren of any reason for this long delay, no mention being made therein why this great lapse of time intervened. This is especially significant because the creditor had knowledge of the entire proceeding culminating in the discharge of the bankrupt in this district since he wrote to the Referee a letter hereinbefore referred to objecting to his discharge in the Eastern District of Pennsylvania on the ground that his discharge in Virginia was never prosecuted to completion. It has been said by Judge Patterson in Re Carobine, D.C., 8 F.Supp. 605: "So far as the provisions of the Bankruptcy Act go, the court is empowered to disturb a discharge on one ground only, and that is the power to revoke it for fraud in the procurement of it. Bankr.Act § 15, 11 U.S.C.A. § 33. Here no fraud is charged. It has been held or intimated in a number of cases that, in addition to the express power given by the act to revoke discharges for fraud, the court has an inherent power to vacate and set aside discharges in the general interests of justice, for mistake, excusable neglect, or other equitable grounds. In re Louisville National Banking Co. [6 Cir.], 158 F. 403; In re Applegate (D.C.N.Y.) 235 F. 271; In re Goldenberg & Halbert (D.C.Pa.) 286 F. 292; Rash v. Metzger [3 Cir.], 31 F.2d 424; In re Martin [7 Cir.], 38 F.2d 629; In re Ingrao (D.C.N.Y.) 40 F.2d 946. See, also, In re Bimberg (D.C.N.Y.) 121 F. 942; In re Cuthbertson (D.C.S.D.) 202 F. 266; Remington on Bankruptcy, § 3615. On the other side, there is an able opinion by Judge Amidon, in which the existence of any such inherent power is denied. In re Aasand (D.C.N.D.) 7 F.2d 135. And the Circuit Court of Appeals of this circuit has held that in the analogous case of compositions there is no general or inherent power to set aside orders of confirmation; the only power to vacate compositions being that derived from section 13 of the act [11 U.S.C.A. Sec. 31]. In re Isidor Klein, Inc. [2 Cir.], 22 F.2d 906. The extent of the power over discharges, however, was expressly left open in the Klein Case. The authorities are thus in an unsatisfactory condition, at least in this district."

While it is felt that the Court does have inherent power to alter or amend its decree aside from that given in the Bankruptcy Act, it nevertheless should be exercised with the utmost caution and only under the proper circumstances, as I am not persuaded that exemption from plain statutory requirements, concerning timeliness of action may be granted lightly, if the bankruptcy law is to effectively serve its dual purpose of protecting both debtor and creditors. It seems that the petitioner here had ample opportunity to proceed within a year which is the analogous case where fraud is alleged in the petition as set forth in Sec. 15. In the matter of Nana Zeiler, 18 F.Supp. 539, 33 Am.B.R.,N.S., 627, has been seriously pressed upon the Court, but there the petition for the modification of the decree was filed within one year from the granting of the discharge, and as the court said, "The merits are strongly with the moving creditor, and no laches has been shown"; here a lapse of fourteen months has intervened and no reason at all presented for failure of the creditor to act more promptly has been alleged in the petition. Accordingly, it is felt that where, as here, no fraud is averred in the application to vacate the discharge and such modification or vacation is left to the general powers inherent in the Court to amend its decree, and the period of almost fourteen months has elapsed since the granting of the discharge, that laches in the conduct of the petitioner is a bar to modification, In re Bimberg, D.C., 121 F. 942; In re Cuthbertson, D.C., 202 F. 266; there must come a time when a discharge in bankruptcy is irrevocably a discharge. An interested person cannot stand by and allow the administration of the estate to proceed until he considers that it will be to his advantage to void the adjudication. He must move against it promptly if at all, and this the petitioner has failed to do, Rudebeck v. Sanderson, 9 Cir., 227 F. 575; Mason v. Dean, 9 Cir., 31 F.2d 945; In re Knofsky, D.C., 20 F.2d 206; hence the petition must be dismissed.