**CALIFORNIA AIRMOTIVE CORPORATION, Appellant,**

v.

**Irving I. BASS, Trustee of the Estate of Standard Airways, Inc., bankrupt, Appellee.**

**No. 20208.**

United States Court of Appeals
Ninth Circuit.

Dec. 29, 1965.

Peter S. Smith, Getz, Aikens, Manning & Murphy, Los Angeles, Cal., for appellant.

Howard L. Rosoff, Flaxman, Coleman, Gorman & Rosoff, Los Angeles, Cal., for appellee.

Before CHAMBERS, HAMLEY, and ELY, Circuit Judges.

ELY, Circuit Judge.

Appellee is a Trustee in Bankruptcy. In proceedings before the Referee in Bankruptcy, he sought and obtained an order which directed appellant, hereinafter called Airmotive, to pay $24,565.14, plus interest, to the bankrupt estate. The order was affirmed by the District Court, and Airmotive perfected its appeal. The bankruptcy resulted from proceedings taken under section 322 of chapter XI of the Bankruptcy Act, 11 U.S.C. § 722 (1964). The District Court's jurisdiction was founded upon 28 U.S.C. § 1334 (1964), and our jurisdiction derives from the authority of 28 U.S.C. § 1291 (1964).

It appears from the record that the bankrupt filed its petition for relief under chapter XI on February 4, 1964. For at least three or four years prior to that time, it had conducted various transactions with Airmotive and, as of a time within four months of the filing of its petition, had become indebted to Airmotive to the extent of approximately $160,000. A portion of this debt, approximately $40,000, was carried in Airmotive's books as an open account. In September of 1963, approximately five months before the filing of the bankruptcy petition, the president of Airmotive attended a meeting of the debtor's creditors and was aware that the bankrupt was insolvent. The bankrupt, under conditional sales contracts, had been the vendee, and Airmotive the vendor, of five aircraft, all of which had been repossessed by Airmotive in September, 1963, because of the bankrupt's default in payment. Three other aircraft were operated by the bankrupt under lease from Airmotive, and the bankrupt was also in default in its obligations for payment to Airmotive under this lease agreement. The bankrupt was the owner of two additional airplanes which, in January, 1964, and within four months of the filing of the petition, it transferred to Airmotive by bill of sale. The bankrupt and Airmotive agreed that the net value of the two aircraft, after deduction of the amount of existing encumbrances, was $25,565.14, and upon the transfer, the open account indebtedness of the bankrupt to Airmotive was credited in that amount.

The Trustee sought a declaration that the transfer of the two aircraft was void as an attempt to accord preferential treatment to Airmotive as one of the bankrupt's creditors. Airmotive resisted the claim, asserting that the transfer was not made in consideration of the bankrupt's antecedent obligation to Airmotive but, on the contrary, was made in exchange for a new and different consideration, namely, Airmotive's agreement not to exercise its contractual right to repossess the three leased aircraft.

Evidence was offered to the Referee at a hearing which commenced on October 30, 1964. At the close of the proceedings of that day, during which evidence was taken, the hearing was recessed and continued for the production of additional evidence on November 25, 1964. At this hearing, the Trustee offered additional evidence and rested his case. Airmotive then presented certain evidence relating to the nature of the consideration for the transfer, after which the Referee remarked, "All right gentlemen, the Court will hear from you respectively if you have no further evidence." Following a discussion by counsel of the parties' contentions as to the voidability of the transfer, the Referee expressed his views and concluded, "The Court will render judgment against the respondent for the sum of $24,565.14."

On December 24, 1964, twenty-nine days later, Airmotive filed a petition in which it urged, in effect, that an additional hearing be had for the taking of testimony by which it would undertake to prove that the net value of the two transferred aircraft was less than $24,-565.14. After the hearing of argument on February 10, 1965, the Referee, explaining his views, concluded, " * * * the Court feels that there was a full and complete hearing in this matter; that both parties were given, as this Court always tries to do, a full and complete

and unlimited time to present the facts and argue the law. The Court feels that the respondents' application to reopen should be and hereby is denied."

In its appeal, Airmotive presents two contentions, (1) that the evidence is insufficient to support the decree that the transfer was void under § 60(a) of the Bankruptcy Act, 11 U.S.C. § 96(a) (1964); and (2) that the Referee abused his discretion in refusing to reopen the hearing for the taking of evidence pertaining to the value of the airplanes. Neither contention has merit.

■■ The Referee determined as a fact that the bankrupt transferred the two aircraft in consideration of the cancellation of a portion of an antecedent debt. The District Court affirmed the determination. We are compelled to sustain it if it is supported by substantial evidence and if, from the whole record, we are not convinced that a mistake has been committed. Hinds v. United States, 348 F.2d 630, 632 (9th Cir. 1965). In the light of the entire record, we are persuaded that the Referee was not mistaken and that he properly applied controlling law. It is undisputed that, at the time of the transfer, the value of the planes was fixed by the agreement of the parties themselves at $41,000 and that the net value of $25,565.14, reached by the deduction of the amount of existing encumbrances, was credited to the antecedent open account obligation. This documentary evidence alone was adequate to support the Referee's rejection of protestations made in oral testimony that the transfer was made in exchange for a new and different consideration, not previously existing. Under the circumstances of this case, we are especially mindful of that portion of Rule 52 which tells us that "due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a).

■■ In denying Airmotive's delayed request for the reopening of the hearing, the Referee did not abuse his discretion. It is apparent that the litigants were, on two separate days, afforded full opportunity for the presentation of evidence. It is also clear that they presented all evidence which they chose to present until after the Referee had expressed his opinion as to the main issue of dispute, the only issue upon which evidence had been offered during the hearing, and had directed the Trustee to prepare proposed findings, conclusions, and order. Then, twenty-nine days later, as has been related, the petition to reopen the proceeding was filed. It is important to litigants and the public alike that there be effective and expeditious disposition of disputes which reach the courts, and this consideration is remarkably important in matters of bankruptcy. As we have previously written, "In the conduct of any judicial or quasi-judicial hearing, reasonable discretion must be vested in the officer who guides the course of the proceedings. * * * We could not find an abuse of such discretion absent a strong showing of prejudice to the litigant making the charge of such abuse." NLRB v. Phaostron Instrument and Electronic Co., 344 F.2d 855, 858 (9th Cir. 1965). (Citations omitted.) In properly exercising his discretion here, the Referee was doubtless moved by the thought, along with other factors, that Airmotive, after having agreed upon a value in arm's-length negotiations and recording that value upon its own books of account, would have been hard pressed indeed to prove a lesser value.

Affirmed.