David B. SOLOVE and Ethel G. Solove,
Appellants,

v.

CHASE MANHATTAN BANK et al.,
Appellees.

No. 24607.

United States Court of Appeals
Fifth Circuit.

Jan. 25, 1968.

Joe N. Unger, Miami, Fla., Smith & Mandler, Miami Beach, Fla., for appellants.

Joseph G. Weiss, R. M. MacArthur, Emanuel Levenson, Miami, Fla., for appellees.

Before JONES, WISDOM and DYER, Circuit Judges.

WISDOM, Circuit Judge:

The question this appeal presents is whether a proposed amended petition to revoke a bankrupt's discharge, filed over

one year after the discharge and containing a substantially new ground for revocation, was timely filed through relation back of the amendment to the original petition. The original petition was filed within one year after the order of discharge. We hold that the amendment was not timely filed, and reverse the order of the district court.

\* \* \*

The facts are undisputed. The referee in bankruptcy entered an order discharging David and Ethel Solove on June 18, 1965. June 16, 1966, as allowed by Section 15 of the Bankruptcy Act, 11 U.S.C. § 33, Chase Manhattan Bank and other creditors of the bankrupts filed a Petition of Creditor To Revoke Discharge Obtained by Fraud. Section 15 reads as follows:

§ 15. Discharges, When Revoked. The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge.

The creditors alleged as a basis for this petition: (1) that David Solove falsely "testified under oath that he was not going into the wig business whereas \* \* \* he was then actively engaged in the wig business as an agent, employee or principal of either or both Pembrooke Investing Co., Inc. and Patrons, Inc."

(corporations engaged in the wig business); (2) that Mrs. Solove "knowingly and fraudulently omitted to list in her schedules stock owned by her in Patrons, Inc." [1]

August 22, 1966—well over one year after discharge—the creditors filed a Motion To Amend Petition To Revoke Discharge Obtained by Fraud. The proposed amended petition alleged (1) that Solove "fraudulently testified he was not currently employed, whereas, in truth and in fact, he was then currently employed"; (2) that David and Ethel Solove fraudulently omitted from their schedules of assets a debt in the amount of $10,000 owed Solove by Paul De Serio, who owned 98 per cent of the stock in Patrons, Inc. and Pembrooke Investing Company, Inc. The creditors also alleged that knowledge of the aforesaid fraud came to them after the granting of the discharge. The referee denied the creditors' motion to amend on the ground that it reflected on its face that it was not filed within one year from the date of the order of discharge.[2]

On review of the referee's order, the district court held that the proposed amendment included further specifications of the alleged fraud of David Solove. It therefore related back to the filing of the original petition pursuant to Rule 15(c), Federal Rules of Civil Procedure, and was a permissible amendment under F.R.Civ.P. 15.

I.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when jus-

1. The relevant allegations in the petition are discussed in part II of this opinion.

2. The referee further granted the motion of the bankrupts to strike the creditors' original petition insofar as it concerned Ethel Solove and set a hearing on the original petition as it concerned David Solove. The creditors' Petition To Review challenged not only the referee's denial of their Motion To Amend but also his striking the original petition as to Ethel G. Solove. The district court permitted the proposed amendment, since the court viewed it as including "further specifications of the alleged fraud of the Bankrupt, DAVID B. SOLOVE", but the court gave no intimation of its position regarding Ethel Solove. We are unable to review whether the original petition as to Ethel Solove still stands, but we do observe that if it does, under our present holding the amendment to the creditors' petition, as it relates to Ethel Solove, is not timely and cannot be allowed for the same reasoning that we apply to the amendment as it relates to David Solove.

tice so requires". Rule 15(c) provides that an amendment relates back to the date of the original filing:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

■ Although Rule 81 makes the Rules inapplicable to proceedings in bankruptcy except insofar as they are made applicable by the Supreme Court of the United States, the Court's General Order 37, which follows the Bankruptcy Act, 11 U.S.C. § 53, provides that in proceedings under the Act the Rules of Civil Procedure "shall, *in so far as they are not inconsistent with the Act* * * * be followed as nearly as may be." [3] We adhere to the interpretation of this General Order set out in In re Totem Lodge & Country Club, S.D.N.Y.1955, 134 F.Supp. 158, 160:

> The Federal Rules of Civil Procedure were not intended to modify the provisions of the Bankruptcy Act. The Federal Rules of Civil Procedure are applicable to bankruptcy proceedings only when they are not inconsistent with the Bankruptcy Act or when their application will help effectuate the purposes of that Act. Consequently, the cases relied upon by the witness are limited to the practice under the Federal Rules of Civil Procedure and would be applicable to bankruptcy only if they were consonant with the provisions of the Bankruptcy Act.

We thus turn our inquiry to the purposes of the Bankruptcy Act, including the policy behind the discharge provisions of the Act, to discern whether application of Rule 15 in this case is consonant with the provisions of the Act.

A. The Supreme Court, in Katchen v. Landy, 1966, 382 U.S. 323, 328–329, 86 S.Ct. 467, 472, 15 L.Ed.2d 391, spelled out the function of bankruptcy legislation:

> [T]his court has long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of the estate of all bankrupts *within a limited period.*' Ex Parte Christy, 3 How. 292, 312, 11 L.Ed. 603. (Emphasis added.)

In bankruptcy disputes, "effective and *expeditious* disposition" is "remarkably important" to both litigants and the public. California Airmotive Corp. v. Bass, 9 Cir. 1965, 354 F.2d 453, 455; Kheel v. Bethlehem Steel Co., 9 Cir. 1965, 355 F. 2d 187. "[I]f the bankruptcy law is to effectively serve its dual purpose of protecting both debtor and creditors * * * there must come a time when a discharge in bankruptcy is irrevocably a discharge." In re Early, E.D.Pa.1940, 34 F.Supp. 774, 776.

"The discharge itself is the primary objective of practically all voluntary bankrupts." Collier, Bankruptcy Manual ¶ 14.00, at 176 (1964). Since revocation renders the discharge a nullity, id. at ¶ 15.14, we must view narrowly the procedure for obtaining such revocation. In this regard, Cowans has observed:

> The attorney for the bankrupt would be justified in insisting in behalf of his client that the policy of relief to debtors under the Act demands that each of the conditions or limitations of the section be narrowly construed so as to effectuate the policy. * * * The applicant must not have been guilty of undue laches and the application must have been filed within one year of the date of discharge. This double limitation plus the procedure under Section 14 of the Act requiring a relatively early filing of objections to discharge, evidence a legislative effort to exert pressure on those who would deny the bankrupt his discharge to move promptly * * *

**3.** The General Orders are not merely advisory but have the force and effect of law. See 2 Collier, Bankruptcy ¶ 30.02,

at 1287 (1966) and the authorities cited therein at n. 5.

Procedural considerations in connection with revocation are generally favorable to the bankrupt. The courts have put great stress upon the obligation of an applicant to do a complete procedural job. The applicant must plead all the essential elements of the section and this requirement has been viewed strictly. * * * Cowans, Bankruptcy Law & Practice § 936, at 518, 519, 521 (1963).

█ The filing of the proposed amendment would effectively "deny to the bankrupt the benefit of the [one year] limitation." In re Sims, N.D. Ohio 1881, 9 F. 440, 441. It would prevent the bankrupt from obtaining that fresh start the bankruptcy laws encourage and would endanger the new obligations incurred in the interim upon the security and strength of the discharge. We conclude that to permit the untimely filing of an amendment *stating a new ground* for revocation of the discharge would be contrary to the central purpose of the bankruptcy law application of Rule 15.

B. We have found no cases dealing with the precise issue presented here that were decided after introduction of the Federal Rules in 1934. However, two early district court decisions refused to allow proposed amendments to petitions to revoke discharge which were filed after the statutory time had elapsed from the date of discharge. In re Howard, N.D.W.Va.1913, 201 F. 577; In re Wright, W.D.N.Y.1910, 177 F. 578.

We find particularly apposite the approach utilized in the *Howard* case:

It will be perceived that to revoke a discharge in bankruptcy involves an exercise of judicial discretion and power far more reaching in effect than the suspension for fraud of a statute of limitation barring the recovery of a debt or single demand of a single creditor; further, that it is in direct opposition to the whole spirit and intent of the bankruptcy act. That purpose and intent clearly is to give the bankrupt's creditors his property and to him complete relief from further claims upon him so that he may start over again. * * * To revoke his discharge not alone effects his interest but also all these new obligations that he has incurred to others upon the security and strength of such discharge. * * * The limitation here is directly upon the court's power, not upon 'the cause of action'. * * * To allow these petitioners under the guise of amendment to file new and possibly sufficient, possibly insufficient, petitions would be exercising judicial power on my part after, by express enactment, my right to exercise such power had ceased.[4]

See also In re Early, E.D.Pa.1940, 34 F.Supp. 774, 776;[5] Alexander H. Mall & Co. v. Ullrich, N.D.Ohio 1888, 37 F. 653.[6] Both *Howard* and *Wright* are cited with approval by all of the commentators who have discussed this issue. See Collier, Bankruptcy Manual ¶ 15.03

4. There appears to be some difference of opinion on whether section 15 of the Bankruptcy Act is a limitation on the power of the court to hear a motion to set aside an order of discharge or is merely a statute of limitations. Compare In re Howard, N.D.W.Va.1913, 201 F. 577, 580–581, and authorities cited in 1 Collier on Bankruptcy ¶ 15.07, at 1500 n. 1 (1966), with Ginsberg v. Thomas, 10 Cir. 1948, 170 F.2d 1, 4, and authorities cited therein. We need not resolve this conflict, finding as we do that the same reasoning woud be applicable in either case. We observe, however, in view of the many cases suggesting liberal application of statutes of limitations, that we find section 15 less concerned with

notice—a traditional concern of statutes of limitations—and more concerned with finality of adjudication.

5. "An interested person cannot stand by and allow the administration of the estate to proceed until he considers that it will be to his advantage to void the adjudication. He must move against it promptly if at all * * *." 34 F.Supp. at 776.

6. "Section 5120 [the forerunner to § 15 of the Bankruptcy Act] of the Revised Statutes (bankrupt law) provided an *absolute bar*, where the petition was not filed within two years from the date of the discharge." 37 F. at 653. (Emphasis added).

(1964) ("an amendment setting up a new ground for revocation should not be permitted after the expiration of a year from the date of the discharge"); 1 Collier on Bankruptcy ¶ 15.13, at 1508 (14th ed. 1966) (same); Cowans, Bankruptcy Law and Practice ¶ 936, at 520 (1963) (an amendment "offered after the expiration of the statutory year which adds a new cause of action for revocation will not be permitted"); 8 Remington on Bankruptcy § 3395, at 283 (1955) ("an amendment cannot be sanctioned, after expiration of such time, which would set up a new and different ground").

Before codification of the bankruptcy statutes the bankruptcy sections of the Revised Code, title 61, chapter 5, contained a provision relating to application by a creditor to annul discharge. Section 5120 read:

Any creditor of a bankrupt, whose debt was proved or provable against the estate in bankruptcy, who desires to contest the validity of the discharge on the ground that it was fraudulently obtained, may, at any time within two years after the date thereof, apply to the court which granted it to annul the same. The application shall be in writing, and shall specify which, in particular, of the several acts mentioned in section fifty-one hundred and ten it is intended to prove against the bankrupt, and set forth grounds of avoidance; and no evidence shall be admitted as to any other of such acts; *but the application shall be subject to amendment at the discretion of the court.* (Emphasis added.)

The phrase referring to amendment at the discretion of the court was omitted in the 1898 codification; legislative history does not tell us why. One would imagine that courts would allow amendments under section 5120 more readily than under the present section 33, since section 5120 expressly provides for amendment. But the narrow view of discharge revocation procedure taken in *Wright* and *Howard,* a view we take today, was likewise adhered to even

under section 5120. Interpreting that section, the court in In re Sims, N.D. Ohio 1881, 9 F. 440, observed:

What are we to understand by the term "subject to amendment," used in the section? Does it mean that other and different causes specified in section 5110 may be added, as they may be discovered from time to time, after the lapse of two years, and while the matter is still pending? An amendment is the correction of errors committed in the progress of a cause. It may be in the statement of the cause of action, in its form, and it is allowed to make more definite and certain a defectively-pleaded cause of action. It is not allowed to make an entirely new case. A new case is not to be regarded as an amendment. This amendment, it seems to me, was only intended to be allowed to make some of the causes named in the section, and such as may have been defectively set out in the application, more definite and certain, and not new grounds named in the statute. The limitation was fixed that after that time the bankrupt could not be compelled to again contest his discharge, otherwise it could be done at the pleasure of the creditor. There are 10 grounds for opposition to discharge named in section 5110. If the construction be as claimed by the applicant, to annul the discharge, he could within two years allege one ground, and, by way of amendment, from time to time afterwards, add one at a time until all were named, if the court, in the exercise of its discretion, would allow it, and thus practically deny to the bankrupt the benefit of the limitation. It was evidently intended that the creditor should, in his application to be made within two years, set out all his grounds for annulling the discharge, and to confine the hearing to them; but, if defectively set out, the court may allow amendment to make them more certain. To allow the amendment would be to entirely annul the

limitation of the statute, and thereby judicially to repeal it.

*Wright* and *Howard* are district court cases from other circuits. They are pre-Federal Rules cases. But the rationale supporting these decisions is fresh and compelling today. We agree with the position taken in *Wright* and *Howard,* substantially supported as it is by the purpose of section 33. The creditors' proposed amendment alleging new and additional grounds for revocation of the bankrupt's discharge "is in direct opposition to the whole spirit and intent of the bankruptcy act." In re Howard, supra, 201 F. at 578.[7]

## II.

We disagree with the district court's holding that the allegations of fraud in the amended petition were "further specifications" of the fraud originally alleged.[8] We regard these allegations as "new and additional" grounds for revocation of the bankrupt's discharge. The creditors themselves, in their motion to amend, characterized their allegations of fraud as newly "discovered additional and more substantive grounds upon which to ground the said petition".

Section 15 of the Bankruptcy Act provides for revocation only "if it shall be made to appear that [the discharge] was obtained through the fraud of the bankrupt". Thus the term "new and additional grounds" seems to contemplate a different factual basis. If this were not so, once fraud is alleged originally there could never exist a "new" ground for revocation.

There is no doubt that the allegations in the amended petition stating that the bankrupt omitted listing a debt of $10,-000 due and owing him is an entirely new and additional ground. This ground is not referred to in the original petition expressly or by implication.

In the original petition the creditors alleged that Solove testified that he "was not going into the wig business"—whereas he was "active as a principal in one or more corporations engaged in the wig business".[9] In the amended petition the creditors alleged that Solove testified that he "was not currently employed"—whereas "he was then currently employed by one or more corporations".[10] Although both statements sound in fraud, we consider that there is a sufficiently different factual basis set out in the amendment to constitute a new and additional ground—different from that set out in the original petition.

\* \* \*

We reverse the order of the district court. We remand the case for disposition consistent with this opinion.

7. We find no need to expound on the nature of and purpose behind Rule 15. For General Order 37 does not call for application of the Rules in bankruptcy as would be consistent with the nature of the Rules; it calls for their application as would be consistent with the Bankruptcy Act. As we here hold, to allow an amendment after one year from discharge which sets forth any new ground for revocation would be contrary to the spirit of the Bankruptcy Act and the purpose of discharge.

8. We note here the general rule that the grounds on which an application to revoke an order of discharge rests must be strictly pleaded. See In re Cuthbertson, D.S.D.1912, 202 F. 266, 270, and authorities cited at p. 270.

9. Those sections relating to the fraud of Ethel Solove are not here considered relevant. See note 2 above.

10. Compare the amended petition with a hypothetical amendment stating that Solove "testified that he was not going into the wig business, whereas he was vice-president and principal stockholder in the Pembrooke Investing Co., Inc., a corporation whose entire portfolio consisted of stock in the High Hair Company, which latter company was engaged solely in the manufacture and distribution of men's and women's hairpieces." The hypothetical amendment would constitute a further specification or clarification of the act of fraud alleged in the original petition; it would not present a new and additional ground for revocation of the discharge.