In the Matter of Melvin L. FORBROOK, Bankrupt.

Leonard C. SCHWINN and Helen Schwinn, Plaintiffs,

v.

Melvin L. FORBROOK, Defendant.

Bankruptcy No. 3–77–1420(D).

United States District Court, D. Minnesota, Third Division.

April 2, 1981.

Joyce Y. Miyamoto, St. Paul, Minn., for defendant.

Harry N. Ray, Minneapolis, Minn., for plaintiffs.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

JACOB DIM, Bankruptcy Judge.

The above-entitled matter came on for hearing before the Honorable Jacob Dim, Judge of Bankruptcy Court, at the above-named Court, Federal Building and United States Courthouse, Saint Paul, Minnesota, on the sixteenth day of March, 1981 at 3:30 p. m.

Present and appearing on behalf of the Plaintiffs was Harry N. Ray, Esquire; present and appearing on behalf of the Defendant was Joyce Y. Miyamoto, Esquire.

Said hearing was a Pre-Trial Conference pursuant to Plaintiff's adversary proceeding praying for relief in the form of revocation of Defendant's Discharge of Bankrupt, and a hearing on the Motion filed by Defendant for dismissal of said adversary proceeding.

Based upon all of the files, records, proceedings and arguments of counsel, this Court now makes the following as:

## FINDINGS OF FACT

1. Defendant Melvin L. Forbrook filed his Voluntary Petition for bankruptcy on November 14, 1977; all bankruptcy documents are contained in the same file number as herein.

2. Plaintiffs Leonard C. and Helen Schwinn were listed on bankrupt's Schedule A–2 in the "Statement of Affairs for Bankrupt Not Engaged in Business" as Creditors Holding Security. The security description was "stock in J & F Enterprises, Inc."

3. The trustee, Patrick J. Gallagher, filed his report as a no asset case; his Petition and Order to Abandon Certain Assets recommended that the stock in J & F Enterprises, Inc. had no value and should be abandoned as an asset.

4. The Discharge of Bankrupt was ordered on March 2, 1978 by this Court.

5. Defendant was represented throughout the bankruptcy proceeding by Howard Groves, Esquire. Plaintiffs and their interests were represented by Jerrold Hartke, Esquire, during the term of the bankruptcy proceeding.

6. Plaintiffs now seek, by way of their Complaint filed November 17, 1980, a revocation of the Discharge of Bankrupt. Plaintiffs' claim is based upon the alleged fraud of the defendant concerning the acquisition and transfer of certain stock in J & F Enterprises, Inc.

7. The filing of Plaintiffs' Complaint occurred thirty-two (32) months subsequent to the Discharge of Bankrupt.

8. Plaintiffs have failed to file their Complaint requesting revocation of the Discharge of Bankrupt within one year after such discharge was granted.

## CONCLUSIONS OF LAW

1. This Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to its jurisdiction over the preceding bankruptcy matter.

2. Plaintiffs are guilty of undue laches in waiting an excessive period of time, i. e. thirty two months, before commencing their adversary proceeding and are therefore barred by laches.

3. Plaintiffs' Complaint is barred by lack of timeliness as provided in Title 11, United States Code, Section 727(d) and (e), also cited as Title 11, United States Code, Section 15. These sections read in pertinent part:

(d) On request of the trustee or a creditor, and after notice and a hearing, the Court shall revoke a discharge granted under subsection (a) of this section if . . .

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(e) The trustee or a creditor may request a revocation of a discharge . . .

(1) under subsection (d)(1) of this section, within one year after such discharge was granted; . . .

4. The filing of the request for revocation of a discharge within one year of the granting of the discharge is a statute of limitations requirement which, if not met, bars the action. *In re Oleson*, 110 F. 796 (D.Iowa 1901); *In re Downing*, 199 F. 329 (N.D.N.Y.1912); *In re Knofsky*, 20 F.2d 206 (W.D.Pa.1927).

Exceptions to the strict requirement of timeliness in filing a complaint to revoke a discharge are viewed with caution and are not taken lightly.

The power to alter or amend discharges should be exercised with utmost caution and only under proper circumstances . . . Exemption from plain timeliness of action may not be granted lightly, if bankruptcy law is to serve the purpose of protecting the debtor and creditor. *In re Early*, 34 F.Supp. 774 (E.D.Pa.1940).

5. Rule 924 of the Rules of Bankruptcy Procedure excludes extension of the time allowed by the statute:

. . . This rule does not permit extension of the time allowed by § 15 of the Act for the filing of a Complaint to revoke a discharge.

6. Plaintiffs' Complaint falls within none of the exceptions to the one year statute of limitation requirement set forth in Title 11, United States Code, Section 15, also cited as Title 11, United States Code § 727(e)(2).

7. This Court finds no basis for circumvention of the one year statute of limitation.

Based upon the foregoing Findings of Fact and Conclusions of Law, this Court now makes its

### ORDER

1. Defendant's Motion to Dismiss is hereby granted and shall be effective as of the date of the hearing.

2. Plaintiffs' request to reopen the bankruptcy proceeding is hereby denied.

3. No attorneys fees shall be awarded to either party.