LATHROP v. STEADMAN. See Case No. 8,-519.

---

## Case No. 8,112.

### LATHROP v. STEWART.

[6 McLean, 630.][1]

Circuit Court, S. D. Ohio. Oct. Term, 1855.

EVIDENCE — PRODUCTION OF RECORD — EVIDENCE UNDER PLEA OF FRAUD—BANKRUPT PROCEEDING—ENTITLED TO NOTICE.

1. Where a record is introduced collaterally as evidence, from a court of general jurisdiction, and where, from the face of the record, it appeared the court had jurisdiction, no evidence will be heard, to contradict the record.

2. A plea of fraud, generally, is not sufficient to admit of evidence in a bankrupt case, where the bankrupt had been engaged in an extensive commercial business.

3. The bankrupt, in such a case, is entitled to notice of the acts which are alleged to be fraudulent.

[This was an action at law by Sylvanus Lathrop against William Stewart. The court overruled a demurrer to a plea of discharge in bankruptcy. Case No. 8,113. The plaintiff then replied that the bankruptcy court had no jurisdiction. The case is now first heard upon issue joined on this replication.]

Mr. Peck, for plaintiff.
Mr. Fox, for defendant.

OPINION OF THE COURT. This action is founded upon four bills of exchange, one for five thousand dollars, payable to plaintiff and accepted by defendant; a second for two thousand dollars, drawn by defendant on Shannon, indorsed by Church, Lathrop and Stockton; a third drawn by defendant and indorsed as above; and a fourth drawn and indorsed as the third bill. The defendant pleaded a discharge under the bankrupt law. The plaintiff replied, that the court

had no jurisdiction, as the bankrupt was neither a citizen or resident at Mobile, in Alabama, where the discharge was obtained. Issue joined on the replication.

THE COURT held that under this issue, parol evidence could not be received to contradict the record. The bankrupt court had general jurisdiction in bankruptcy. On the face of the record, the court appears to have had jurisdiction of the case; and as the record is introduced collaterally, it could not be impeached. Evidence was then offered to show the accounts of the bankrupt, and his general dealing with his creditors. But THE COURT held that in this case a general plea of fraud was insufficient. That the specific acts which are alleged to be fraudulent must be stated, to give notice to the bankrupt, that he may be prepared to meet them. That without such notice, in a case so complicated as a bankruptcy must be, where the bankrupt had been engaged in a large commercial business, he could not be expected to be prepared to meet the fraud, unless reasonable notice of the facts relied upon to show it, were given.

The counsel for the defendant admitted, that the ground on which he principally relied to show fraud, involved the jurisdiction of the court. The court, in order to admit the plea to be filed, discharged the jury and gave leave to the plaintiff to amend his pleadings. But as amended pleadings were not filed, at the close of the term, the court entered a judgment of nonsuit, with leave for the defendant, at the ensuing regular term, to move to set it aside.