In re OLIVER.

(District Court, D. New Jersey. January 3, 1905.)

1. BANKRUPTCY—DISCHARGE—VACATION—PETITION—AMENDMENT.
    Where a petition for the vacation of a bankrupt's discharge was defective for failure to show that petitioner acquired knowledge of the alleged facts since the granting of the discharge, as required by Bankr. Act July 1, 1898, c. 541, § 15, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], but in an affidavit annexed to the petition petitioner verified that such information was obtained by him on a date which was subsequent to the discharge, the petitioner was entitled to cure the defect by amendment.

2. SAME—PRESUMPTIONS.
    Where a petition for the vacation of a bankrupt's discharge failed to state the time when the alleged fraudulent transaction between the bankrupt and an agent of his creditor took place, it would be presumed to have taken place before the petition in bankruptcy was filed.

3. SAME—FRAUD.
    A petition for the vacation of a bankrupt's discharge on the ground of fraud alleged that the claim of one of the bankrupt's creditors on which petitioner was also liable as the bankrupt's partner, was not paid by the bankrupt as alleged by him, but that as a mere pretense, and in order to cheat such creditor and other creditors of the bankrupt, especially petitioner, who was not included as a creditor in the bankrupt schedules, the latter handed certain moneys or checks to the creditor's agent, who immediately returned the money to the bankrupt, who thereupon converted the same to his own use, etc. Held, that the petition was insufficient to show fraud on any of the bankrupt's creditors, as he might have used such money to pay just debts.

On Petition of John Van Deursen to Vacate Order of Discharge.

Silas D. Grimstead, for petitioner.

J. Kearny Rice, for bankrupt.

LANNING, District Judge. The petition of John Van Deursen alleges that on March 1, 1901, he and Harry Oliver formed a copartnership; that on March 23, 1903, the partnership was dissolved, Oliver taking the partnership property and assuming the partnership debts, and giving to Van Deursen a bond, with surety, to indemnify Van Deursen against loss by reason of the debts and liabilities of the partnership; that on May 6, 1903, the Mack Manufacturing Company commenced a suit against Van Deursen and Oliver, as late partners, in the Circuit Court for the Eastern District of Pennsylvania for about $4,000; that Oliver filed a plea in that suit, with affidavit, that he had paid the amount in full; that on July 20, 1903, Oliver filed his petition in bankruptcy in this court, and was adjudged a bankrupt; that Oliver did not include in the schedules annexed to his petition the Mack Manufacturing Company as one of his creditors; that on October 5, 1903, Oliver received his order of discharge in bankruptcy; that on February 26, 1904, Oliver secured leave to amend the schedules annexed to his petition in bankruptcy, and did amend them by adding the Mack Manufacturing Company as one of his creditors, though denying that the amount claimed by it was due or owing from him; that on April 8, 1904, the Mack Manufacturing Company recovered a judgment in the Circuit Court for the Eastern District of Pennsylvania against the copartnership for $4,164.40, Oliver not appearing at the trial; and that suit has now been instituted by the Mack Manufacturing Company upon the above-mentioned judgment in the United States Circuit Court for the District of New Jersey against the said late firm of Van Deursen & Oliver, and that Oliver has filed an affidavit of merits, but, as yet, no plea thereto. The petition, after making the above-mentioned allegations, contains the following charge:  ∘

"That your petitioner is informed in such way that he believes it to be true, and he therefore alleges the fact to be, that the claim of the Mack Manufacturing Company was not paid by the said Harry V. Oliver, as alleged by him; that as a pretense, and in order to cheat and defraud the Mack Manufacturing Company and the other creditors of the said Harry V. Oliver, and more especially your petitioner, who was not included in the bankrupt's schedules, he, the said Harry V. Oliver, handed the money or checks to one Thomas Armstrong, who claimed to be an agent of the said Mack Manufacturing Company; that the said Armstrong immediately returned the money to the said Harry V. Oliver, who thereupon converted the money to his own use, and was not paid to the Mack Manufacturing Company nor given up to the receiver of the said Harry V. Oliver for the benefit of his creditors."

The prayer of the petition is that the order of discharge be vacated.

The counsel for the bankrupt now moves to dismiss the petition on the ground that it sets forth no facts which will justify the court in vacating the order of discharge. He plants himself upon

the provisions of section 15, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], which is as follows:

"The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial, if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

There is nothing in the petition showing that the knowledge of the alleged facts came to the petitioner since the granting of the discharge, but in an affidavit of the petitioner annexed thereto he swears "that the information regarding the payment of the claim of the Mack Manufacturing Company by the said Oliver as in said petition set forth was obtained by deponent on the 5th day of September, in the year 1904." I think, therefore, the petitioner may be permitted to amend his petition to cure this defect. But, if it be so amended, it must further appear, in order to justify the court in vacating the order of discharge, "that the actual facts did not warrant the discharge." At the time when the order of discharge was made—which was on October 5, 1903—the court was required by section 14 of Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], to grant it unless the bankrupt had—

"(1) Committed an offense punishable by imprisonment as herein provided; or, (2) with intent to conceal his financial condition, destroyed, concealed, or failed to keep books of account or records from which such condition might be ascertained; or (3) obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit; or (4) at any time subsequent to the first day of the four months immediately preceding the filing of the petition transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed any of his property with intent to hinder, delay, or defraud his creditors; or (5) in voluntary proceedings been granted a discharge in bankruptcy within six years; or (6) in the course of the proceedings in bankruptcy refused to obey any lawful order of or to answer any material question approved by the court."

The petition does not state any time when the alleged transaction with Armstrong took place. It must be presumed to have taken place before the petition in bankruptcy was filed. If Oliver paid the money over to Armstrong, and Armstrong immediately handed it back to Oliver, the transaction, in legal effect, was the same as if Oliver had transferred it from one of his pockets to another and then back again to the first pocket. In such circumstances there was no fraud upon any creditor of the bankrupt. While it is alleged that Oliver converted the money to his own use, he may have used it in the payment of just debts. Fraud cannot be presumed. Facts must be averred which tend to prove it. There is no allegation in the petition showing the violation of any of the provisions of the fourteenth section.

I am satisfied that the petition is defective, and that it must be dismissed.