In re Paul Nealington HERRON, Darl Heathcott Herron, Debtors.

The PEOPLES BANK, INC., a Corporation, Plaintiff,

v.

Paul Nealington HERRON, et al., Defendants.

Bankruptcy No. 5–81–00261.
Adv. No. 5–81–0082.

United States Bankruptcy Court,
W.D. Kentucky,
Paducah Division.

March 6, 1985.

Lucius P. Hawes, Jr., Hopkinsville, Ky., for plaintiff.

Dane Shields, Henderson, Ky., for debtors/defendants.

Joseph E. Ternes, Jr., Henderson, Ky., for Paul Jr., Mary J. and Jovita J. Herron.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This proceeding comes before the Court on joint motion of the parties to dismiss with prejudice all claims asserted by plaintiff in its Second Amended Complaint against the defendants, Paul Nealington Herron, Darl Heathcott Herron, Paul Herron, Jr., Mary J. Herron, Michael D. Herron and Jovita J. Herron, under 11 U.S.C. 727.

The plaintiff in its Second Amended Complaint seeks revocation of these defendants' discharge in bankruptcy pursuant to 11 U.S.C. 727(d)(1). The plaintiff further alleges that the debtors committed fraud pursuant to 11 U.S.C. 727(a)(2)(A). The

plaintiff has admitted that the subject real property and personalty were transferred more than one year before the date of the filing of the petition. The plaintiff argues that the theory of continuing concealment is applicable to the instant case, thus extending the one year statute of limitations set forth in 11 U.S.C. 727(a)(2)(A). The debtors-defendants assert that the plaintiff is barred in its application to revoke the debtors' Discharge and that the theory of continuing concealment is not applicable to the instant case because there was no concealment of transfer of assets, the plaintiff had actual knowledge of the transfer prior to the Discharge, and that the plaintiff is guilty of laches for failure to diligently investigate the facts of the alleged fraud.

The issue for determination by this Court is whether the transfer of certain property by the debtors more than one year before the filing of their Chapter 7 petition constitutes "continuing concealment" such that the plaintiff will not be barred by the one year limitation of § 727(a)(2)(A) and may maintain the instant action for revocation.

The Court finds that the pertinent facts for the purpose of the determination of this issue are as follows: On July 2, 1980, the defendants, Paul Nealington Herron and Darl Heathcott Herron, conveyed their approximate one-third (⅓) interest in certain real estate, farm equipment and growing crops located in Crittenden County and Union County, Kentucky, to the defendants, Paul Herron, Jr., Mary J. Herron, Michael D. Herron, and Jovita J. Herron. On July 23, 1980, the deeds of conveyance were duly recorded in the public records of the respective County Clerks' offices. On August 14, 1981, over one year and one month after these conveyances were made, Paul Nealington Herron and Darl Heathcott Herron filed their Chapter 7 bankruptcy petition. In October, 1980, which was prior to the bankruptcy petition being filed, Gordon Guess, president of the Peoples Bank, the plaintiff herein, personally saw and examined the deed of the Crittenden County property in the Clerk's Office at the Crittenden County Courthouse. (Deposition of Gordon Guess taken on April 28, 1982,

pages 44–46). The deed to the Crittenden County property which was examined by Mr. Guess states with particularity the consideration for the transfer. Further, the deed contained an attached list of the farm equipment which was also conveyed, as well as a statement in the deed that the growing crops were included in the conveyance.

The plaintiff filed their first adversary Complaint in December, 1981. On February 18, 1982, Paul Nealington Herron and Darl Heathcott Herron were granted discharge in their bankruptcy case. In February of 1983, the plaintiff filed its Second Amended Complaint, seeking revocation of the discharge, alleging that the transfers were fraudulent.

## CONCLUSIONS OF LAW

The plaintiff's Second Amended Complaint to revoke these debtors' discharge is brought under 11 U.S.C. 727(a)(2)(A), alleging that these defendants committed fraud by concealing assets; that this concealment of assets continued until the transfer was discovered, shortly before the filing of plaintiff's Second Amended Complaint in February, 1983. 11 U.S.C. 727(a)(2)(A) provides in pertinent part as follows:

DISCHARGE. (a) The Court shall grant the debtor a discharge, unless—...

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; ...

The plaintiff admits that the transfers of property in question occurred more than one year before the petition in bankruptcy was filed. However, the plaintiff contends that there was a continuing concealment of the transfers so that the one year provision contained in § 727(a)(2)(A) is not applicable.

The plaintiff further contends that the trustee had no actual knowledge of the subject transfers until February, 1983, and therefore, Section 727(d)(1) permits the trustee to pursue the revocation of discharge sought herein. Section 727(d)(1) states as follows:

On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party *did not know of such fraud until after the granting of such discharge;* (Emphasis added)

■ The plaintiff relies on *In re May,* 12 B.R. 618 (Fla.1980), in which the continuing concealment principle is explained:

Concealments may be of a continuing nature. In certain circumstances, a transfer ostensibly completed more than twelve (12) months prior and valid on its face, may nevertheless constitute a secreting or concealment of assets of a continuing nature. [citations omitted]. Any such secreting or concealment of assets or transfer in the nature of a secreting or concealment of assets continues until it is discovered and thus brought to an end. [citations omitted]. Until discovery and its end, a continuation thereof often extends into the twelve (12) month statutory period. Often such continuation extends into the period after the filing of a petition. *Id.,* p. 622.

The rationale for the continuing concealment principle is that when a debtor conceals assets by various means and then takes bankruptcy, his creditors who have no knowledge of the concealment, should not be prevented from attacking the debtor's fraud by the one year limitation of § 727(a)(2)(A). However, the basic element of this principle is that there has been a *concealment* of assets by the debtor such that the creditor could not have discovered the transfer within the one year period. The Florida Court in *In re May, supra* at 626, footnote 4, defined the term concealment as follows:

The word concealment may describe or mean various things: for instances, it may mean to *secrete, hide* or withdraw some physical asset from observation; to *cover* or keep some physical asset from sight; to *prevent discovery* of some physical asset or prior transaction; or to *withhold knowledge* of and thus secrete some physical asset or prior transaction. *See, United States v. Mathies,* 203 F.Supp. 797 (W.D.Pa.1962); *Burchinal v. United States,* 342 F.2d 982 (10th Cir. 1965). [Emphasis added]

■ The Court finds that there has been no concealment of the transfers of real property and personalty in this case, as defined by the *May* Court, or under the ordinary and reasonable meaning of concealment. It is undisputed that the deeds of conveyance were recorded in the respective County Clerks' Office. The recording of the deeds gave constructive notice to the plaintiff and to all the world that the assets had been conveyed and transferred. *Loeb v. Conley,* 160 Ky. 91, 169 S.W. 575 (1914). Further, the plaintiff, by and through its agent and President, admitted that it had actual knowledge of the transfer prior to the discharge. (Deposition, Gordon Guess, p. 45). The plaintiff attempts to expand the continuing concealment theory to apply to the trustee, by contending that "the trustee did not discover the transfers in question until the Plaintiff, The Peoples Bank, made its request to file a § 727 Complaint herein during February, 1983 ...". However, this argument is without merit because the Trustee is also charged with constructive notice of the transfer of the real property by the recording of the deeds. *Loeb v. Conley, supra.*

For the plaintiff herein to prevail under 727(d)(1), it has the burden of proving by sufficient evidence every element necessary for revocation. *In re: Cuthbertson,* 202 Fed. 266, 270 (D.C.S.D.1912). The plaintiff has made bare allegations of fraud, but there has been no showing of a factual basis that fraud did occur, as there was a purported consideration for the transfers of property. The plaintiff has

failed to meet its burden of proving fraud sufficient to maintain this action under § 727 or § 544. Section 727(d)(1) also requires a showing by the requesting party that they did not know of the fraud until after the granting of the discharge. The plaintiff, by and through its President and agent, had actual knowledge of the transfer of the property in October, 1980, some two years and four months *before* the discharge. The Trustee is charged, by operation of law, with constructive notice of the transfer of the property from the date of the recording of the deeds, July 23, 1980. *See, Wides v. Wides' Ex'r*, 299 Ky. 103, 184 S.W.2d 579 (1945).

 Furthermore, the Court finds that the plaintiff is barred from maintaining the instant action because it is guilty of laches for failing to diligently investigate the facts of these transfers within its knowledge during the pendency of the bankruptcy proceeding. *In re Eva McElmurry; Continental Builders v. Eva L. McElmurry*, 23 B.R. 533, 7 C.B.C.2d 797 (W.D. Mo.,1982). The *McElmurry* Court held that the equitable defense of laches is available under § 727 to prevent revocation under the proper circumstances. After quoting from § 14 of the old Bankruptcy Act, which is comparable to § 727 of the new Bankruptcy Code, the Court noted:

> Under the old Act, the party seeking revocation had the burden of proving the absence of laches. *In re Cuthbertson*, 202 F. 266 (D.C.S.D.1912). The new Code Section, 727(d)(1), contains no explicit reference to laches so it appears that the moving party no longer has to prove absence of laches as an element of revocation. But laches is still available to debtor in the form of an equitable defense. *Id.*, at 535 footnote 1, 7 C.B.C.2d, at 799, footnote 1.

In the instant case, the plaintiff had actual knowledge of the transfer in October, 1980. The actual notice to plaintiff was some sixteen months prior to their discharge. The record is clear that the plaintiff made no effort to investigate or question the defendants prior to the discharge in this case, even though they clearly had knowledge of the transfer of the assets. The Court finds that the plaintiff's conduct does not meet a reasonable standard of diligence in the investigation of the transfers in this case and therefore, the plaintiff is barred by the defense of laches.

For the foregoing reasons, the plaintiff's Second Amended Complaint is hereby dismissed.

The above constitutes Findings of Fact and Conclusion of Law, pursuant to Rules of Bankruptcy Procedure 7052.