In re William Joseph BENAK, Debtor.

Stewart P. CHAMBERS,
Trustee, Plaintiff,

v.

William Joseph BENAK, Defendant.

Bankruptcy No. 87–04422–BKC–SMW.
Adv. No. 88–0260–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Oct. 21, 1988.

Michael Frank, North Bay Village, Fla., for debtor.

Gary J. Rotella, Fort Lauderdale, Fla., for Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Stewart P. Chambers (the "trustee") against William Joseph Benak (the "debtor") to revoke the debtor's discharge, pursuant to 11 U.S.C. § 727(d)(1), and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b) and § 157(a), (b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(J).

The trustee filed an adversary complaint to revoke the debtor's discharge on May 24, 1988. Before the commencement of the trial on September 14, 1988, the debtor moved this Court for bifurcation of the trial proceedings in order to first determine, pursuant to 11 U.S.C. § 727(d)(1), whether the trustee had knowledge of the alleged fraud prior to the debtor's discharge on April 29, 1988.

In March 1988 counsel for the trustee, Gary J. Rotella, represented a creditor in another adversary ("Fredwest" 88–0146–BKC–SMW–A) filed against the debtor, under 11 U.S.C. § 727, and based on the same allegations raised in the instant adversary action. During the pendency of the Fredwest adversary the trustee received copies of the pleadings and was present during some of the hearings which transpired. The Fredwest adversary was dismissed in April 1988 because the Court determined that the plaintiff was not a creditor of the estate. Thereafter, Mr. Rotella was appointed by the Court as trustee's attorney and on May 24, 1988, the trustee filed this adversary action alleging that the debtors discharge should be revoked under 11 U.S.C. § 727(d)(1).

Under 11 U.S.C. § 727(d)(1) a creditor may seek the revocation of a debtor's discharge when "such discharge was obtained through fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." *Govaert v. Topper (In re Topper)*, 85 B.R. 167 (Bankr.S.D.Fla.1988). A discharge will not be revoked where the creditor fails to demonstrate that he lacked the knowledge of the transactions on which he based the allegations of fraud, prior to the granting of the discharge. *In re Kirschner*, 46 B.R. 583 (Bankr.E.D.N.Y.1985). *See also Continental Builders v. McElmurry (In the Matter of McElmurry)*, 23 B.R. 533 (W.D.Mo.1982). Furthermore, a request to revoke the debtor's discharge based on fraud should be denied when the requesting party is guilty of laches "by failing to show proper diligence in attempting to discover the necessary facts before

discharge. *In the Matter of McElmurry,* 23 B.R. at 536.

 The trustee testified that he received a copy of the Fredwest complaint, as well as other pleadings, and was present at several of the hearings prior to the debtor's discharge. The trustee further testified that because he was not directly involved in the Fredwest adversary he did not proceed to investigate any of the allegations contained in the complaint until after its dismissal. In addition, the trustee received notice of a 2004 examination of the debtor in April 1988, prior to the debtor's discharge, and chose not to attend the examination. Therefore, this Court finds that the trustee knew of the debtor's alleged fraud prior to the debtor's discharge on April 29, 1988 and failed to take proper action.

Based upon the foregoing, this Court finds that the debtor's discharge is not revoked under 11 U.S.C. § 727(d)(1).

A separate Final Judgment of even date has been entered in conformity herewith.