**In re Benny Leigh EDMONDS and Shirley Jeannine Edmonds, Debtors.**

**LAWRENCE NATIONAL BANK, Plaintiff,**

v.

**Benny Leigh EDMONDS and Shirley Jeannine Edmonds, Defendants.**

Bankruptcy No. 84–40451–7.
Adv. No. 86–0327.
No. 87–4196.

United States District Court,
D. Kansas.

Nov. 22, 1989.

Gary Hanson, Stumbo, Stumbo, Hanson & Hendricks, Topeka, Kan., Eugene F. De-Shazo, Kansas City, Mo., for plaintiff.

James F. Freeman, III, Donald E. Bucher, Scott B. Haines, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an appeal from an order of the bankruptcy court dismissing the appellant Lawrence National Bank's (Bank) complaint to revoke discharge in the Chapter 7 proceeding of debtors Benny Leigh Edmonds and Shirley Jeannine Edmonds. The court has carefully reviewed the arguments of the parties and is now prepared to rule.[1]

The standards of review are well-settled. The bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. Bankr.R. 8013; *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). The bankruptcy court's legal determinations are reviewed *de novo. In re Yeates,* 807 F.2d 874, 877 (10th Cir.1986).

The debtors filed a voluntary Chapter 11 bankruptcy petition on May 19, 1984. In the schedules filed with the bankruptcy petition, the debtors failed to note any stock ownership interest in E–4 Excavating, Inc. During the course of the bankruptcy proceedings, the Bank received from debtors a copy of E–4 Excavating's 1982 corporate income tax return in which the debtors' stock ownership is noted. The

Bank was represented by the law firm of Petefish, Curran and Immel during the debtors' bankruptcy. The debtors' Chapter 11 case was subsequently converted to a Chapter 7 case on January 10, 1985. The debtors were granted a discharge on June 19, 1985.

On August 30, 1985, E–4 Excavating, Inc. filed a Chapter 11 bankruptcy petition. During the course of these proceedings, the debtors' ownership interest in E–4 Excavating was again disclosed. The Bank was represented by present counsel, the law firm of Gould & Moore, during the E–4 Excavating bankruptcy.

The Bank filed a complaint to revoke discharge pursuant to 11 U.S.C. § 727 on December 17, 1986. In this complaint, the Bank alleged that the debtors had fraudulently failed to disclose the ownership of stock in E–4 Excavating and that the Bank had only learned of the fraud following discharge. The debtors followed with a motion to dismiss. The bankruptcy court granted the motion to dismiss. The bankruptcy court further awarded attorney's fees and costs to the debtors. The Bank then filed a motion to alter or amend. The bankruptcy court denied this motion on July 9, 1987. This appeal followed.

The bankruptcy court dismissed the Bank's complaint brought pursuant to 11 U.S.C. § 727(d) for failure to state a claim upon which relief can be granted. The court held that the Bank was barred from proceeding under 11 U.S.C. § 727(d)(1) based on laches. The court determined that the Bank waited too long to challenge the discharge of the debtors since the Bank knew or should have known of the debtors' stock ownership in E–4 Excavating prior to the debtors' discharge because the Bank had received a 1982 corporate tax return for E–4 Excavating in which the ownership interest of the debtors is shown. The bankruptcy court also held that the Bank had failed to state a claim under 11 U.S.C. § 727(d)(2) because the Bank had not alleged in their complaint that the debtors acquired the stock in E–4 Excavating dur-

---

1. The court notes that the Bank has filed a motion for stay of the bankruptcy court's order pending appeal. This motion becomes moot with this decision.

ing the pendency of the debtors' bankruptcy proceeding. Finally, the court imposed sanctions of attorneys' fees and costs against the Bank and its counsel under Bankruptcy Rule 9011. The bankruptcy court found that the Bank's complaint was not well-grounded in fact and was not warranted by existing law or good faith argument for a modification or reversal of existing law. The court further found that the complaint was filed for the improper purpose of attempting to collect a discharged debt.

The Bank argues on appeal that it should not be barred by the doctrine of laches from proceeding with its complaint to revoke the debtors' discharge under 11 U.S.C. § 727(d)(1) because (1) present counsel for the Bank did not begin representing the Bank until October, 1985 and did not learn of the debtors' stock ownership in E–4 Excavating until the bankruptcy proceedings involving E–4 Excavating; and (2) the Bank did not have actual knowledge of the debtors' stock ownership in E–4 Excavating even though its counsel at the time could have or should have known of the debtors' stock interest. Based upon these contentions, the Bank argues that the bankruptcy court should have extended the one year statute of limitations contained in 11 U.S.C. § 727(e) under the equitable powers provided by 11 U.S.C. § 105(a). The Bank also argues that the bankruptcy court erred in awarding attorney's fees and costs to the debtors.

The grounds for revocation of a discharge are set forth in 11 U.S.C. § 727(d). Section 727(d) provides as follows:

(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and know-

ingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section.

The focus in this appeal is upon § 727(d)(1). The Bank has not challenged the bankruptcy court's ruling concerning § 727(d)(2). Thus, the issue here is when did the Bank learn of the alleged fraud. A complaint for revocation under § 727(d)(1) is timely filed if done so within one year of the debtor's discharge and the *only* requirement of the creditor is that he must not have known of such fraud until after the granting of the discharge. 11 U.S.C. § 727(d)(1), (e)(1); *In re Barrow*, 87 B.R. 879, 884 (Bankr.E.D.Va.1988); *In re Kirschner*, 46 B.R. 583, 586 (Bankr.E.D.N.Y. 1985).

The bankruptcy court specifically found that the Bank learned of the discrepancies in the schedules filed by the debtors during the debtors' bankruptcy. This finding was based on the receipt of a 1982 corporate income tax return of E–4 Excavating by counsel for the Bank during the debtors' bankruptcy and prior to the debtors' discharge. The court finds ample support for the bankruptcy court's factual findings and legal conclusion.

The fact that counsel for the Bank did receive a copy of an E–4 Excavating tax return during the debtors' bankruptcy and that this return showed the debtors' stock ownership is not disputed. The law is well-settled that the knowledge acquired by an attorney during the time he is acting within the scope of his employment is imputed to the client. *Armstrong v. Ashley*, 204 U.S. 272, 283, 27 S.Ct. 270, 274, 51 L.Ed. 482 (1907); *Hess v. Conway*, 92 Kan. 787, 142 P. 253, 255 (1914). Thus, the Bank's counsel had knowledge of the debtors' stock ownership in E–4 Excavating in 1984 and failed to investigate the facts surrounding the debtors' failure to note that stock ownership in their bankruptcy petition. With the knowledge of the debtors' stock ownership in 1984, the Bank was obligated to raise the matter prior to the debtors' dis-

charge. *See In re Benak,* 91 B.R. 1008, 1009–10 (Bankr.S.D.Fla.1988); *In re Herron,* 49 B.R. 32, 35 (Bankr.W.D.Ky.1985). A party may be guilty of laches by failing to show proper diligence in attempting to discover the necessary facts before discharge. *In re Jones,* 71 B.R. 682, 685 (S.D.Ill.1987); *Matter of McElmurry,* 23 B.R. 533, 535 (W.D.Mo.1982). Here, the Bank failed to act within a reasonable time after obtaining knowledge of facts which might have constituted grounds for objecting to the discharge. The Bank was guilty of laches by failing to raise the fraud issue until December, 1986. *See, e.g., In re Benak,* 91 B.R. at 1009–10; *In re Herron,* 49 B.R. at 35; *Matter of McElmurry,* 23 B.R. at 535–36. Accordingly, the decision of the bankruptcy court must be affirmed.

The Bank's contention that the bankruptcy court should have invoked its equitable powers pursuant to 11 U.S.C. § 105(a) and extended the one-year period of limitations contained in 11 U.S.C. § 727(e) is enigmatic. The Bank's argument overlooks the decision made by the bankruptcy court. The bankruptcy court did not rely upon the statute of limitations contained in § 727(e) to dismiss the Bank's complaint. Rather, the bankruptcy court found that the Bank had failed to properly object to discharge during the bankruptcy after it gained knowledge of debtors' stock ownership in E–4 Excavating. The court specifically rejected the contention that the Bank learned of the alleged fraud after the discharge. Thus, the Bank's argument requesting equitable relief from the application of § 727(e) is wholly without merit.

The court shall next turn to the arguments concerning the bankruptcy court's decision to impose sanctions against the Bank and its counsel. Under Bankruptcy Rule 9011 and Fed.R.Civ.P. 11, the signature of counsel on a pleading constitutes a "certificate" by the attorney that (1) the attorney had read the pleading; (2) to the best of counsel's "knowledge, information, and belief formed after reasonable inquiry" the amended complaint is well-grounded in fact; (3) and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and (4) the amended complaint was not interposed for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in cost of litigation. *Burkhart v. Kinsley Bank,* 852 F.2d 512, 514 (10th Cir.1988). The bankruptcy court's imposition of sanctions is subject to an "abuse of discretion" standard of review. *Id.* at 515.

The court's review of the record in this case does not suggest that the bankruptcy court abused its discretion in awarding sanctions to the debtors. The Bank and its counsel knew or should have known that their complaint was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. The filing of the complaint to revoke discharge revealed a lack of diligence to discover the relevant facts and the relevant law. Moreover, the bankruptcy court's finding that the complaint was filed for the improper purpose of attempting to collect a discharged debt was not clearly erroneous. Accordingly, the court finds that this aspect of the bankruptcy court's order shall also be affirmed.

IT IS THEREFORE ORDERED that the bankruptcy court's orders of June 2, 1987 and July 6, 1987 be hereby affirmed.

IT IS SO ORDERED.