**In re Timothy Michael FABER, Sr., Ethel Mildred Faber, Debtors.**

**David R. DuBois, Plaintiff,**

**v.**

**Timothy Michael Faber, Sr., Defendant.**

**Bankruptcy No. 02–62340 JPK.**
**Adversary No. 05–6034.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Sept. 23, 2005.

Andrew J. Kopko, Merrillville, IN, for Debtors.

## ORDER ON MOTION FOR DEFAULT JUDGMENT

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

This adversary proceeding came before the Court on June 21, 2005 for hearing pursuant to Fed.R.Bankr.P. 7055/ Fed.R.Civ.P. 55(b)(2) with respect to the plaintiff's Motion for Default Judgment filed on May 15, 2005. The hearing was scheduled pursuant to the Court's order entered on May 20, 2005.

The plaintiff, David R. DuBois as the Trustee of the Chapter 7 bankruptcy estate of Timothy Michael Faber and Ethel Mildred Faber, appears personally. The defendant fails to appear, either in person or by counsel. By request of the Court, the United States Trustee appears by telephonic hookup in open court by Assistant United States Trustee Alex Edgar.

The debtors' Chapter 7 case was filed on May 15, 2002. The debtors' discharge was entered on August 20, 2002. On December 12, 2002, the Trustee filed a Motion for Turnover Order with respect to the debtor's 2001 federal and state tax returns and tax refunds, which was granted by the Court's order of January 14, 2003. On October 31, 2003, the Trustee filed a Motion for Turnover Order with respect to the debtor's 2002 federal and state tax returns and tax refunds, which was granted by the Court's order entered on December 11, 2003. The Trustee filed a no asset report on February 19, 2004, and the case

was closed on March 29, 2004. The Trustee's motion to re-open the case to administer recovered assets was granted by order entered on May 24, 2004. On June 17, 2004, the Trustee/plaintiff filed a motion for turnover which requested turnover of the debtor's 2001 and 2002 federal and state income tax returns, including any attached Schedules, W–2s, 1099s and related materials, and 2001 and pro-rated 2002 tax refunds; the Court granted this turnover motion by order entered on July 15, 2004. The evidence of record, including that established at the hearing held on June 21, 2005, establishes that the debtor Timothy Michael Faber, Sr. did not comply with the Court's July 15, 2004 order. This adversary proceeding was then filed on March 7, 2005. In it, the Trustee seeks to revoke the debtor's discharge which was entered more than 2½ years prior to the filing of the adversary proceeding by which his discharge was sought to be revoked.

The Affidavit which accompanied the Trustee's Motion for Default Judgment filed on May 15, 2005 states that the debtor failed to turn over complete copies of his 2002 tax returns to the Trustee. There is no evidence in this record that the debtor was in fact entitled to receive any state or federal tax refunds for the years concerning which the Trustee requested turnover of his tax refunds. At the hearing on June 21, 2005, the Trustee/plaintiff stated that he was unaware of any procedural mechanism by which the debtor's/defendant's entitlement to federal or state tax refunds for the years at issue could be obtained.

At the June 21 hearing, Trustee DuBois explained that it is his customary practice to seek to obtain information concerning a debtor's entitlement to federal/state refunds for years including and prior to the date of the filing of the bankruptcy petition voluntarily from the debtor, and that upon exhausting—in his view—efforts to obtain voluntary compliance, he then files a motion for turnover of information concerning tax refunds potentially allowable to the debtor which may constitute property of the debtor's Chapter 7 bankruptcy estate. Trustee DuBois also stated that he was occupied in his duties as a Chapter 7 panel trustee in seeking to close cases, and that this focus attributed to any perceived delay in seeking a formal court order requiring turnover of information to him necessary for the administration of the debtor's/defendant's Chapter 7 bankruptcy case.

Assistant United States Trustee Alex Edgar expressed his opinion that there is a certain fundamental fairness in the administration of the bankruptcy laws of the United States which requires that matters which may ultimately adversely affect debtors in a Chapter 7 case be promptly pursued. In this case, Assistant United States Trustee Edgar expressed his view on behalf of the Office of the United States Trustee that the interests of objective fairness in the administration of the bankruptcy laws of the United States argued against granting the Trustee's/plaintiff's motion by which the debtor's/defendant's discharge would be revoked. Trustee DuBois' response is that he was fulfilling his responsibilities and duties as a Chapter 7 Trustee in the debtor's/defendant's Chapter 7 case, and that because Timothy Michael Faber, Sr. failed to comply with an order of the Court, his discharge should be revoked pursuant to 11 U.S.C. § 727(d)(3).

The facts established by the record are these:

(1) Trustee DuBois attempted over a period of time, by means of correspondence and verbal requests, to obtain information concerning the entitlement of the defendant Timothy Michael Faber to any

refund with respect to federal or state income taxes for the years 2001 and 2002. Turnover orders for these documents were entered on January 14, 2003 and on December 11, 2003.

(2) The debtor/defendant did not respond to the Trustee's/plaintiff's request for provision of information concerning his entitlement to refunds which might possibly constitute property of his Chapter 7 estate.

(3) The debtor/defendant was granted a discharge by the Court's order entered on August 20, 2002.

(4) The Trustee filed a no asset report, and the case was closed on March 29, 2004. On the Trustee's motion, the case was reopened on May 24, 2004.

(5) On June 17, 2004—nearly 22 months after the granting of the debtor's/defendant's discharge—the Trustee filed a motion for turnover with respect to the 2001 and 2002 federal and state income tax returns and refunds.

(6) The Trustee's motion for turnover was granted by order entered on July 15, 2004.

(7) The debtor/defendant did not comply with the turnover order.

(8) On March 7, 2005—nearly eight months after the entry of the Court's order granting the Trustee's motion for turnover—the Trustee/plaintiff filed this adversary proceeding to revoke the discharge granted to Timothy Michael Faber, Sr. on August 20, 2002, on the ground that the debtor/defendant Timothy Michael Faber, Sr. had failed to comply with the Court's July 15, 2004 order.

This case presents troubling circumstances concerning Chapter 7 administration. The issues raise a need to determine a balance between a debtor's obligations to comply with his/her responsibilities under the Bankruptcy Code, and the essential fairness of dealing with circumstances in which a debtor does not comply with those responsibilities but is not called to task for not doing so until long after he/she can legitimately deem his/her journey through the bankruptcy system to have been completed.

The Trustee has sought revocation of the discharge granted to Timothy Michael Faber pursuant to 11 U.S.C. § 727(d)(3), which provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—
>
>           . . .
>
> (3) The debtor committed an act specified in subsection (a)(6) of this section.

11 U.S.C. § 727(a)(6) provides that a ground for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) is that:

> (6) The debtor has refused, in the case—
>
> (A) to obey any lawful order of the court other than an order to respond to a material question or to testify.

There is no dispute in this case that Timothy Michael Faber has not complied with the Court's turnover order entered on July 15, 2004. Thus, on the face of the record, Trustee DuBois has established that he is entitled to the relief requested by the complaint—revocation of the discharge of Timothy Michael Faber.

However, there is more to be addressed in this case than the mere sterile establishment of grounds for a default judgment revoking a debtor's discharge. As expressed by Assistant United States Trustee Edgar at the June 21, 2005 hearing, the citizens of the United States are entitled to a bankruptcy system which estab-

lishes criteria of fundamental fairness in dealing with those who pass through its process. And yet, the Court is confronted with a circumstance in which there are no statutory impediments to the Trustee's/plaintiff's request for revocation of the discharge of Timothy Michael Faber, Sr. The record clearly establishes that Timothy Michael Faber, Sr. has failed to obey a lawful order of the Court which required him to provide information to the Chapter 7 Trustee necessary for the administration of his Chapter 7 case. It is also without question that the debtor/defendant has failed to appear either personally or by counsel in this adversary proceeding, and thus has failed to assert any legal or equitable grounds which might preclude granting the Trustee's requested relief.

The Scylla and Charybdis issue confronting the Court is the balancing of the Trustee's/plaintiff's procedural entitlement to the relief requested by his adversary complaint with the Court's sense that justice delayed is sometimes justice denied.

■ The basic procedural provision with respect to judgment by default is provided by Fed.R.Civ.P. 55(b)(2), made applicable to adversary proceedings by Fed.R.Bankr.P. 7055. That provision in pertinent part states:

(b) Judgment. Judgment by default may be entered as follows:

. . .

(2) By the Court. In all other cases, the party entitled to a judgment by default shall apply to the court therefor; ... If, in order to enable the court to entered judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth or any averment by evidence or *to make an investigation of any other matter*, the court

may conduct such hearings or order such references as it deems necessary and property ... (emphasis supplied).

Thus, in order to succeed on his motion for judgment by default, the Trustee must establish a *prima facie* case; *See, In re Sanchez*, 277 B.R. 904, 907 (Bankr.N.D.Ill. 2002); *Valley Oak Credit Union v. Villegas*, 132 B.R. 742, 746 (9th Cir. BAP 1991).

■ The difficulty in this case arises from the fact that the Trustee/plaintiff has established a *"prima facie"* case for a judgment by default for revocation of the debtor's/defendant's discharge, but that the Court does not perceive the *prima facie* case to be in complete resonance with the interests of justice in the administration of Chapter 7 cases.

■ The crux of the Court's dilemma is that if the defendant/debtor had appeared in this adversary proceeding and had asserted a cognizable defense establishing cognizable prejudice with which he would be visited by revocation of an order of discharge entered nearly three years ago, the Court, in clear conscience with respect to the principles of fundamental justice in Chapter 7 administration, would have invoked the doctrine of laches against the Trustee and would have ruled against him; *See, Continental Builders v. McElmurry*, 23 B.R. 533 (W.D.Mo.1982); *Peoples Bank, Inc. v. Herron*, 49 B.R. 32 (Bankr.W.D.Ky. 1985); *Armstrong v. Dobash*, 10 B.R. 809 (Bankr.W.D.Wis.1981); *DuBois v. Guerrero*, 30 B.R. 463 (N.D.Ind.1983).

The mechanism for bringing an assertion of prejudice to the Court's attention is by means of an affirmative defense pleaded in response to the Trustee's/plaintiff's complaint; Fed.R.Bankr.P. 7008/Fed.R.Civ.P. 8(c). In the context of the instant case, a responsive pleading cries out for the assertion of the affirmative defense of laches; *See, Herron*, 49 B.R. 32;

*Anderson v. Vereen,* 219 B.R. 691 (Bankr. D.S.C.1997). However, in the instant case, no voice cried out from the wilderness in a manner cognizable to this Court to assert this defense.

■ The Court is committed to the concept that the violation of a "lawful order of the Court" *ipso facto* establishes grounds for revocation of a debtor's discharge [*See,* 11 U.S.C. § 727(d)(3)], or within the context of 11 U.S.C. § 727(a)(6)(A) constitutes grounds for denial of a debtor's discharge. Effective administration of bankruptcy cases requires debtors to comply completely with lawful orders of the Court entered in their cases. "Laches" is a potential equitable defense: however, its assertion as a defense depends upon an active participant in the adversary proceeding in which revocation of discharge is sought; *See, Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). In this case, the debtor/defendant has failed to contest the complaint, and this immutably leads to revocation of his discharge.

■ The Court finds—in its view constrained by the law with respect to an opponent's failure to appear and assert a potentially valid basis for denying the plaintiff's requested relief—that the Trustee/plaintiff has established a *prima facie* basis in this adversary proceeding for the revocation of the debtor's/defendant's discharge, and that revocation of the debtor's/defendant's discharge should be granted pursuant to 11 U.S.C. § 727(d)(3)/11 U.S.C. § 727(a)(6)(A).

It is with some reluctance that the Court grants the plaintiff's motion for default judgment.

IT IS ORDERED that:

(A) The request of the plaintiff for a judgment by default is granted.

(B) The discharge of the debtor/defendant Timothy Michael Faber, Sr. entered on August 20, 2002, is revoked.

■ IT IS FURTHER ORDERED that revocation of discharge does not constitute denial of discharge under 11 U.S.C. § 727(a), and thus that the bar of nondischargeability provided by 11 U.S.C. § 523(a)(10) does not apply to debts which were scheduled or could have been scheduled in case number 02–62340.